**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

November 6, 2006

Agnes S. Wladyka
Abromson & Carey
60 Park Place
Newark, New Jersey 07102

    (*Attorney for Plaintiff*)

Christopher J. Christie
United States Attorney
Kimberly S. Schiro
Special Assistant United States Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

    (*Attorney for Defendant*)

    RE:    **D. Alexander Brown o/b/o Troy Brown v. Commissioner of Social Security**
             **Civ. No. 05-767 (WJM)**

Dear Counsel:

    Plaintiff D. Alexander Brown ("Plaintiff") brings this action on behalf of her grandson, Troy Brown, pursuant to the sixth sentence of 42 U.S.C. § 405(g) (2006) of the Social Security Act.  She asks the Court to remand this matter for further administrative proceedings.  There was no oral argument.  Fed. R. Civ. P. 78.  For the following reasons, Plaintiff's motion is **DENIED**.

### Background

    Troy Brown's father, Jerry Eugene Minor, died on June 24, 1994.  (Transcript of Record at 14, 17, 68 [*hereinafter* "Tr."])  Three days later, Ms. Dolores Payne filed applications for

surviving child's insurance benefits and a lump sum death payment on behalf of her son, Christopher Holmes. (Tr. at 14, 56-61, 68.) In her application for the lump sum death payment, Ms. Payne also cited an "unknown minor" as a potential beneficiary for entitlement under Mr. Minor's Social Security record. (Tr. at 14, 56, 68.) At the time, Ms. Payne acknowledged that she did not know the child's name or whereabouts. (Tr. at 14, 57, 68.) Furthermore, computer printouts from the Social Security Administration indicate that efforts to establish the unknown child's identity were unsuccessful. (Tr. at 14, 62-63, 68.)

On February 27, 2001, Plaintiff protectively filed an application for surviving child's insurance benefits for Troy Brown on Mr. Minor's social security account. (Tr. at 14, 22-24, 69.) Defendant Commissioner of Social Security (the "Commissioner") granted her application and awarded benefits with the maximum six-month retroactivity under 42 U.S.C. § 402(j)(1)(B), resulting in a month of entitlement of August 2000. (Tr. at 14, 69.) Plaintiff filed for reconsideration, asking the Commissioner to award benefits retroactively to the date of Mr. Minor's death in June 1994. (Tr. at 28-30.) She claimed that the application Ms. Payne filed on June 27, 1994 constituted a constructive filing on Troy Brown's behalf. (Tr. at 14, 69.)

The Commissioner denied Plaintiff's request for reconsideration. (Tr. at 33-34.) Thereafter, Administrative Law Judge Dennis O'Leary ("ALJ O'Leary") held a hearing on July 3, 2002. (Tr. at 91-103.) ALJ O'Leary considered the case *de novo* and, on July 25, 2002, issued a decision finding that Troy was not entitled to receive benefits back to June 1, 1994. (Tr. at 68.) In his decision, ALJ O'Leary began by correctly setting forth the statutory requirements for filing an application for survivor's benefits on another's behalf. He stated:

> The regulations governing the filing of benefit applications under Title II of the Social Security Act are set forth in 20 CFR §§ 404.60ff. 20 CFR § 404.603 notes that in addition to meeting other requirements, an individual must file an application to become entitled to benefits. 20 CFR § 404.610(c) specifies that in order to be considered a claim for benefits, an application must be signed by the claimant or someone described in 20 CFR § 404.612, who may sign an application on behalf of the claimant. 20 CFR § 404.612(c) indicates that if the claimant is under age 18 or mentally incompetent, or physically unable to sign, the application may be signed by a court-appointed representative or a person who is responsible for the care of the claimant, including a relative.

(Tr. at 69.) After receiving testimony and reviewing the record, ALJ O'Leary concluded that Plaintiff could not establish that Ms. Payne filed the application on Troy Brown's behalf. (*See* Tr. at 69.) Specifically, ALJ O'Leary held that the evidence incontrovertibly showed that Ms. Payne was neither a court-appointed representative for Troy Brown, nor was she responsible for his care. (Tr. at 69.) ALJ O'Leary based this ruling, in large part, on Ms. Payne's admission in her application that she did not know the unknown minor's name or whereabouts. (Tr. at 69.)

Furthermore, ALJ O'Leary held that it could not be determined whether Troy Brown was the actual "unknown minor" referred to in the application. (Tr. at 69.) He based this decision on evidence showing that the Social Security Administration attempted to investigate the claim, but no contact was made with the agency for almost six years. (Tr. at 69.) Accordingly, the ALJ held that Plaintiff was not entitled to an earlier benefit commencement date.

On July 3, 2003, the Appeals Council remanded the case for a new hearing. (Tr. at 77-79.) Specifically, the Appeals Council ordered a new hearing to determine whether Plaintiff or Troy's mother received misinformation that caused them not to file an application for benefits, which is a basis for deemed filing of an application under 20 C.F.R. § 404.633. On March 11, 2004, ALJ O'Leary held a second hearing (Tr. at 104-40) and on March 24, 2004 he issued a decision finding that there was no substantiation of misinformation supporting an earlier deemed filing date (Tr. at 10-18). This became the Commissioner's final decision. (Tr. at 3-5.)

Plaintiff timely appealed to this Court. In her appeal, Plaintiff argues that remand is necessary because new and material evidence supports her claim of an earlier filing date. This evidence, which Plaintiff attaches to her memorandum, consists of the following: (1) a program from Mr. Minor's funeral, dated June 29, 1994, which states that Mr. Minor died on June 24, 1994 and left four sons, one named "Troy"; (2) a letter from Mr. Minor's siblings acknowledging that Troy is Mr. Minor's son; and (3) a list of Mr. Minor's relatives who are willing to attest that Troy is Mr. Minor's son. (Tr. at Ex.'s 1-3.) The Commissioner argues that these documents do not constitute new and material evidence warranting remand. Upon reviewing the attached evidence, the Court agrees.

## Standard of Review

The standard of review of an ALJ's decision is plenary for all legal issues. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The scope of review of determinations of fact, however, is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision. *Id.* As such, "[t]his Court is bound by the ALJ's finding of fact if they are supported by substantial evidence on the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Where "an agency's fact finding is supported by substantial evidence, reviewing courts lack power to reverse ... those findings." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986). "Substantial evidence does not mean a large or considerable amount of evidence but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## Discussion

Under sentence six of 42 U.S.C. § 405(g), later-submitted evidence may be relied upon for remand only if it is found to be new and material, and if good cause is shown for its late submission. *Id.* Evidence that is merely cumulative may not be classified as "new." To be

"material," evidence must be probative, related to the period at issue, and sufficient to create a reasonable possibility that the Commissioner's decision would have been changed by its presence.  Finally, a claimant must demonstrate "good cause" for not having incorporated the additional evidence into the original record.  *Id.*; *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001); *Szubak v. Sec. of Health and Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984).

Plaintiff argues that the evidence she submits is material because it "clearly establish[es] that plaintiff Troy Brown is the son of the decedent/wage earner Jerry Eugene Minor's [sic] and is the very evidence which would have found plaintiff Troy Brown entitled to child's survivor's benefits if discovered by the Social Security Administration...." (Plaintiff's Memorandum of Law at 3 [*hereinafter* "Pl.'s Mem."].)  She contends that, had the Social Security Administration discovered this evidence, Troy would have been entitled to an earlier filing date.  (*See id.*)  The Court disagrees.

A clear reading of ALJ O'Leary's two decisions in this case show that he did not dispute that Troy Brown was Jerry Minor's son.  (Tr. at 18, 69.)  Rather, the ALJ agreed that Troy was entitled to survivor's benefits, but concluded that the 1994 application was not a protective filing for Troy because there was no evidence: (1) that Ms. Payne could file the application on Troy's behalf, and (2) that the "unknown minor" named in the application was Troy.  (Tr. at 18, 69.)  Therefore, ALJ O'Leary determined that Troy was only entitled to benefits as of August 2000 – *i.e.*, six months prior to Plaintiff's February 2001 filing.  The evidence Plaintiff submits does not undermine this conclusion.  Instead, it merely reinforces that Troy is Jerry Minor's son, which is not disputed. (Tr. at 17.)  The evidence does not support, in any way, a showing that Ms. Payne possessed the authority to file the 1994 application on Troy's behalf.  Accordingly, this evidence is not material and Plaintiff's request for a remand must be denied.

Furthermore, the Court notes that, even if this evidence were somehow material, Plaintiff fails to provide any good cause for not submitting it earlier.  Plaintiff's only excuse for not submitting this evidence earlier is that Troy was estranged from his father and his father's family "at the time of [Mr. Minor's] death." (Pl.'s Mem. at 3.)  However, Plaintiff does not contend that Troy was estranged from his family at the time of ALJ O'Leary's hearing.  Without any such allegation, Plaintiff fails to offer any good cause for not incorporating this evidence into the record previously.

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**